IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| MICHAEL A. MICHALSKI,<br>      Plaintiff | )<br>)<br>) | No. 1:22-cv-262 |
| v. | )<br>) | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| GEORGE LITTLE, et al.,<br>      Defendants | )<br>)<br>)<br>)<br>) | MEMORANDUM OPINION AND ORDER<br>ON PLAINTIFF'S MOTION TO COMPEL<br><br>ECF NO. 95 |

Pending before the Court is Plaintiff's Motion to Compel Swank Motion Pictures ("Swank"), a non-party, to comply with a subpoena to produce documents that Plaintiff issued upon it pursuant to Fed. R. Civ. P. 45. *See* ECF No. 95. Swank has served objections to the subpoena pursuant to Rule 45(d)(2)(B). *See* ECF No. 99-3. Plaintiff asserts that Swanks objections are untimely and, alternatively, that the objections lack merit. *See* ECF Nos. 97, 105. For the reasons explained below, Plaintiff's motion will be denied.

### I.     Background

In his underlying lawsuit, Plaintiff alleges that the Pennsylvania Department of Corrections ("DOC") applied policies at his correctional institution, SCI-Albion, that unreasonably restrict the availability of movie, television, and other media programming in violation of his rights under the First and Fourteenth Amendments to the United States Constitution. Plaintiff seeks primarily injunctive relief in the form of more relaxed and consistent standards for inmate access to such content, including R-Rated movies, and changes in policy regarding exclusion of content that is deemed to promote violence, drug use, or sexual abuse.

Swank is a third-party vendor contracted by the DOC to provide movies and other video content to inmates at its correctional facilities according to policies adopted by the DOC. Pursuant to his subpoena, *see* ECF No. 99-1, Plaintiff seeks production of the following documents:

- Copies of any internal (Swank) and external (DOC) emails sent/received which document or reference the selection of movies/TV series for the PA DOC, to include any agreement between the parties, any criteria for selecting movies/TV series or discussions/questions related to the selection of movies/TV series, including all attachments sent or received for the period beginning September 1, 2023 through the receipt of the subpoena.

- Copies of the following information between May 1, 2023 and December 31, 2023 related to any business transaction between Swank Motion Pictures and any Michigan, Ohio, New York, New Jersey, or Nebraska state DOC facility which Swank provides rental DVDs, digital files, or other media for: a) A list of all unedited R-rated movies provided to the above listed state DOCs and include the name and state of the facility(s) they were provided to, b) A list of all TV-MA TV series provided to the above listed state Docs and include the name and state of the facility(s) they were provided to.

- The number of times Swank Correctional has provided a correctional facility with the TV series Game of Thrones.

- From January 1, 2023 through December 31, 2023, the number of times Swank Correctional has provided a correctional facility with the following TV series: a) Boardwalk Empire, b) Trueblood, c) Shameless, d) Power, e) Black Sails, f) Ballers, g) House of Dragons, h) Godfather of Harlem.

- Provide any documents which detail the agreement/procedures on how Swank chooses and provides movies and specific content to the PA DOC and provide a list of any movies which Swank did not provide the PA DOC and for which reasons they were not provided.

- Name any other State Correctional Facilities which Swank provides identical movies to each of its correctional facilities.

- Provide any internal/external emails which document Swank being asked and agreeing to provide identical programming to all facilities.

- Provide a list of persons employed in Swank's Correctional Division along with their email address and their general responsibilities.

- Provide the name(s) and email addresses to any Swank employee who has, or does, select movies for the PA DOC.

- Provide data which Swank used in its attached promotional material for Swank Correctional "Top 35 Television," to include any sales or rental data which provides how many times Swank provided the 35 series to its customers which enabled it to publish this document, as well as list the name and rating of each series. Additionally, identify the name of any DOC that theses series were provided to. List the data for each individual series.

- For each entry on the PA DOC Banned Movie List, provide a) approximately how long in time any of the videos on the list were available through Swank at any point, and b) how many times each entry was provided to a Correctional Market customer by Swank and the State which the customer resided in. If additional videos have since been placed on the banned movie list, include information regarding these as well.

## II. Discussion

A. Swank timely objected to Plaintiff's subpoena.

Plaintiff asserts that Swank has waived any objections to his document requests because it failed to serve timely objections to his subpoena. Under Rule 45(d)(2)(B), objections must be served within 14 days after service of the subpoena unless otherwise specified. Plaintiff served his subpoena on Swank on October 16, 2024. *See* ECF No. 99, p. 1. Swank timely mailed its objections to the subpoena on October 30, 2024, but an error in Plaintiff's mailing address caused a delay in his receiving the objections. *See id.*, pp. 1–2. Plaintiff apparently received the objections on December 13, 2024. *See* ECF No. 95, p. 1. The record includes no evidence to support a finding that Swank misdirected its objections or that Plaintiff sustained any harm because of the delay. Accordingly, the Court finds that Swank timely objected to the subpoena and has not waived its objections. Having timely objected to the subpoena, Swank was not required to move to quash the subpoena. *See Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 560 (W.D. Pa. 2018) (holding that objections and a motion to quash are alternative means to dispute a subpoena).

B. Swank has valid objections to each of Plaintiff's subpoena requests.

While Swank has raised numerous objections to the subpoena, the Court need only address those based on undue burden and relevance.[1]  Rule 45(d)(1) mandates that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and that "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).  Further, Rule 34 provides that a document request "must describe with reasonable particularity each item or category of items to be inspected" or produced, Fed. R. Civ. P. 34(b)(1)(A), and, although Rule 34 governs document discovery from a party and not a non-party, *see* Fed. R. Civ. P. 34(c), this reasonable particularity requirement should apply with no less force to a subpoena's document requests to a non-party, *see generally Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

The Court also "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818 (footnote omitted).  Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests "seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date"; "[t]he requests are not particularized"; and

---

[1] Swank's objections include that Plaintiff's subpoena violates the 100-mile limitation of Fed. R. Civ. P. 45(c)(2)(A). The Court finds this objection to be without merit.  Rule 45(c)(2)(A) provides: "A subpoena may command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."  But courts generally find that the rule does not apply where documents can be mailed and do not require personal appearance.  *Atlas Indus. Contractors LLC v. In2Gro Techs. LLC*, 2020 WL 1815718, at *2 (S.D. Ohio Apr. 10, 2020) (no violation of 100-mile rule where subpoenaed documents are to be produced by email or US mail); *United States v. Brown*, 223 F. Supp. 3d 697, 703 (N.D. Ohio 2016); *Battle v. Chicago Cycle, Inc.*, 2012 WL 5500507, at *4 n.2 (N.D. Ohio Nov. 13, 2012); *Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009) ("the 100 mile limit applies to travel by a subpoenaed person, but a person commanded to produce documents need not appear in person at the place of production or inspection"); Fed. R. Civ. P. 45(d)(2)(A) ("A person commanded to produce documents . . . need not appear in person at the place of production . . . unless also commanded to appear for a deposition, hearing, or trial.").  The burden on Swank here to send the documents to the Smart Communications address in Florida imposes no greater burden on it than sending documents to an address located within 100 miles of its place of business in St. Louis, Missouri.

4

"[t]he period covered by the requests is unlimited." *In re O'Hare*, 2012 WL 1377891, at *2 (S.D. Tex. Apr. 19, 2012); *accord Turnbow v. Life Ptrs., Inc.*, 2013 WL 1632795, at *1 (N.D. Tex. Apr. 16, 2013).

Generally, courts construe the scope of discovery liberally to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Courts may limit discovery, however, if

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Courts can limit discovery to "that which is proper and warranted in the circumstances of the case." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993). Courts should balance the need for discovery against the burden imposed on the person ordered to produce documents. *Id.* Non-party status is one of the factors the court uses in weighing the burden of imposing discovery. *Id.* An undue burden is identified by looking at factors such as relevance, the need for the documents, the breadth of the document request, the time period covered by such request, the particularity with which the documents are described, and the burden imposed. *Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 206–07 (D.D.C. 2000).

Having carefully reviewed Plaintiff's subpoena requests against the foregoing legal standards and the issues and needs of this case, the Court finds that Swank has valid objections to each request presented in the subpoena. Most of the requests are more in the nature of interrogatories than requests for identifiable documents; most would require Swank to conduct extensive research regarding the practices of state departments of corrections other than the Pennsylvania Department of Corrections and research and determine movie and media purchase practices related to specific titles; and most would require Swank to create documents after its extensive research rather than produce documents that Plaintiff has described with reasonable specificity. Most requests are unduly burdensome and overly broad on their face and often so vague as to defy Swank's ability to respond. Most requests seek information, such as the identity and contact information of Swank personnel, that is irrelevant to the remaining issues of this case.

The Court also notes that the parties have acknowledged intervening changes to DOC policies regarding inmate access to movie and other video content, and the DOC has raised issues of mootness that may deprive this Court of subject matter jurisdiction. In addition, Plaintiff has recently filed a Supplemental Complaint, the viability of which has yet to be examined. These considerations further weigh in favor of denial of Plaintiff's motion.

### III.    Conclusion

Plaintiff's motion to compel compliance with the subpoena is DENIED.

DATED this 28th day of March, 2025.

BY THE COURT

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

6