IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| MICHAEL A. MICHALSKI, | ) |
| Plaintiff | ) 1:22-CV-00262-SPB |
| vs. | ) RICHARD A. LANZILLO<br>) Chief United States Magistrate Judge |
| GEORGE LITTLE, KERI MOORE, GRIEVANCE OFFICER; DR. LAUREL HARRY, KELLY J. EVANS, TRACY SMITH, JENNIFER DIGBY, ANDREW SARRA, RICHARD SCHULTZ, PHILLIP MOORE, | ) MEMORANDUM ORDER ON NON-PARTY<br>) FULLY LOADED ELECTRONICS'<br>) MOTION TO QUASH SUBPOENA DUCES<br>) TECUM |
| Defendants | ) ECF NO. 135 |

Presently before the Court is a Motion to Quash filed by non-party Fully Loaded Electronics ("FLE") pursuant to Federal Rule of Civil Procedure 45(d)(3). For the reasons set forth below, the motion will be GRANTED.

I. **Background and Procedural History**

Plaintiff Michael A. Michalski ("Plaintiff") is a Pennsylvania inmate currently incarcerated at SCI-Albion. He initiated this pro se civil rights action under 42 U.S.C. § 1983, asserting that officials at his correctional institution violated his constitutional rights under the First and Fourteenth Amendments by arbitrarily restricting access to mature-rated video content.

On or about February 3, 2025, Plaintiff served a subpoena duces tecum on Fully Loaded Electronics ("FLE"), a Washington-based company that sells video game hardware and software to correctional institutions nationwide. The subpoena sought: "documents which identify the title of any/all M-rated ('mature') video games Fully Loaded Electronics (Correctional) sold or

provided to: A) a correctional facility; B) an incarcerated individual. This request is for the period of January 1, 2020, through December 31, 2024." ECF No. 119, p. 11.

FLE received the subpoena on February 10, 2025, and lodged objections on February 26, 2025, two days after the 14-day objection deadline set forth in Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure. On April 21, 2025, Plaintiff filed a Motion to Compel FLE to comply with the subpoena, along with a supporting brief. ECF Nos. 118, 119. The Court entered an Order deferring ruling on Plaintiff's Motion to Compel and granting FLE leave to file a motion to quash by June 19, 2025. ECF No. 127. Plaintiff filed a Motion for Reconsideration of that Order. ECF No. 132. FLE filed the present Motion to Quash on June 19, 2025. ECF No. 135.

## II.    Legal Standard

Rule 45 of the Federal Rules of Civil Procedure permits courts to quash or modify subpoenas that, among other things, subjects the subpoenaed party to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(ii), (iv). Although Rule 45(d)(2)(B) generally requires objections to the subpoena within 14 days of service, district courts have broad discretion to consider untimely motions to quash where good cause or compelling reasons exist. *See Conforti v. St. Joseph's Healthcare Sys., Inc.*, 2019 WL 3847994, at *2 (D.N.J. Aug. 15, 2019) (granting untimely motion to quash where subpoena was overbroad, the non-party acted in good faith, and court found combination of factors warranted excusing untimeliness). *See also Olszewski v. Bloomberg L.P.*, 2000 WL 1843236, at 4 (S.D.N.Y. Dec. 13, 2000) ("The decision of whether to quash or modify a subpoena is within the district court's discretion."); *Grigsby & Assoc., Inc. v. Rice Derivative Holdings, L.P.*, 2001 WL 1135620, at *4 (S.D.N.Y. Sept. 26, 2001) (considering untimely motion to quash because circumstances, including clearly overbroad nature of subpoena, warranted overlooking timeliness issue).

Courts evaluate motions to quash non-party subpoenas by balancing several factors: (1) the relevance, (2) need, (3) and confidentiality of the requested materials, as well as (4) the harm that compliance would cause the subpoenaed nonparty. *Mannington Mills, Inc. v. Armstrong World Indus., Inc.* 206 F.R.D. 525, 529 (D. Del. 2002) ("[E]ven if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit."). A court should be "particularly sensitive to weighing the probative value of the information sought against the burden of production on [a] nonparty." *Fears v. Wilhelmina Model Agency, Inc.*, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004). It is axiomatic that "courts afford greater protection to non-parties in discovery, and [consequently] nonparty subpoenas must meet a higher standard of relevance than subpoenas directed toward parties." *Conforti*, 2019 WL 3847994, at *2.

### III.   Discussion

In his Motion for Reconsideration, Plaintiff argues that because FLE served its objections beyond the deadline for objections, it waived its objections and thus its motion to quash must be denied as also untimely. Although Plaintiff is correct that FLE served its objections two days after the 14-day period provided under Rule 45(d)(2)(B), courts have broad discretion to excuse untimeliness in appropriate circumstances. *See Olszewski v. Bloomberg L.P.*, 2000 WL 1843236, at 4 (S.D.N.Y. Dec. 13, 2000) ("The decision of whether to quash or modify a subpoena is within the district court's discretion."); *Grigsby & Assoc., Inc. v. Rice Derivative Holdings, L.P.*, 2001 WL 1135620, at *4 (S.D.N.Y. Sept. 26, 2001) (considering untimely motion to quash because circumstances, including clearly overbroad nature of subpoena, warranted overlooking timeliness issue). In this case, FLE's objections were late by only two days, and Plaintiff has not demonstrated any prejudice because of this short delay. Furthermore, nothing in the record

indicates that FLE failed to act in good faith in its response to the subpoena. And the subpoena itself raises concerns of relevance and overbreadth. The Court therefore exercises its discretion to consider the Motion to Quash on the merits.

Balancing the factors of (1) the relevance, (2) need, (3) and confidentiality of the requested materials, as well as (4) the harm that compliance would cause the subpoenaed nonparty, as set forth in *Mannington Mills*, Court finds that the subpoena directed to FLE seeks information that is only marginally relevant to the issues of the case; the subpoena is overly broad; and Plaintiff's need for information is substantially outweighed by the burden it imposes on FLE. Plaintiff claims that the Pennsylvania Department of Corrections' limitations on M-rated content in its prisons is arbitrary and not reasonably related to legitimate penological interests under *Turner v. Safely*, 482 U.S. 78 (1987). The relevance of the "video game" distribution information sought by Plaintiff's subpoena is minimal at best because it sheds no light on whether the DOC's restriction serves legitimate penological interests. The extent to which M-rated video games were distributed to any prison or prisoner anywhere in the country is potentially relevant in this case only if examined against the policies applicable in those prisons. The naked statistics Plaintiff seeks provide no meaningful guidance in the application of factors under *Safely*.

Plaintiff's subpoena is also overly broad and unduly burdensome. It seeks all documents identifying M-rated titles distributed to any prison or jail or incarcerated individual over a five-year period. This sweeping request includes advertising, invoices, internal communications, and possibly intellectual property records, with no geographic or contextual limitation. Such breadth is not proportional to the needs of Plaintiff's claims.

FLE asserts that it does not track whether an individual customer is incarcerated, or the content ordered by a prison. As a nonparty to this litigation, FLE has no role in the challenged

policy or its enforcement. Its burden of mining for the documents sought by Plaintiff over a five year period would be great. Plaintiff has not demonstrated that these documents meet the higher standard of relevance for a nonparty subpoena. *See Conforti*, 2019 WL 3847994, at *2. Based on these considerations, the Court finds that compliance with Plaintiff's subpoena would impose a "clearly defined and serious injury" on FLE sufficient to quash the subpoena under Rule 45(d)(3)(A).

### IV. Conclusion

For the reasons stated, the Court hereby grants FLE's Motion to Quash FLE's subpoena.

DATED this 28th day of July 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE
